Our next case for argument is United States v. Nulf. Mr. Howard. Good morning, Your Honors. My name is Joseph Howard, and I represent the defendant appellant in this matter, Linda Nulf. Your Honors, this Court should remand this matter solely for the purpose of resentencing Ms. Nulf, and it must be viewed as one of those rare cases that constitute a miscarriage of justice. Mr. Howard, are you, is Ms. Nulf, asking to have her guilty plea withdrawn? She is not. Well, we have said, I think, quite a few times that waivers of appeals stand or fall with the guilty plea. You can't have the benefits of that plea without the detriments. And so the lack of a request to have the plea withdrawn does seem a problem, does it not? Normally, Your Honor, that would be the case. And normally, in viewing these cases, you would have that. But this involves a different situation. It is a situation where Ms. Nulf was denied her right to make an allocution. When she signed that waiver of appeal... Maybe I need to make this in a different way. Every time there is a waiver of an appeal, and an appeal is taken nonetheless, the argument is the district court made the following error. It's, of course, essential to show an error in order to have something reversed. But if the waiver of appeal works only when there is no error, there is effectively no waiver of appeal at all. The world proceeds just as if there were no waiver. Why does an argument that the district judge made an error authorize departure from a waiver of appeal? Well, if you look at the cases where that happens, they're exceedingly rare. For example, Litos was a rare and exceptional case. This, likewise, is a rare and exceptional case. We're not suggesting that there be open season on vacating appellate waivers. But if you look at the facts of this case and what occurred at this sentencing hearing, we believe the court should set aside the waiver and review this. Your Honor, looking at what happened here, Ms. Nolff, as she is entitled to do and as she has a statutory right to do, gave an elocution during the sentencing hearing. The district court shortly after she had begun her elocution, the district court stopped her and began to interrogate her. She attempted to answer the district court's question several times, and after a mere 52 seconds, the district court abruptly terminated her right to complete her statement to the court and proceeded immediately into sentencing. And rest assured, the court's actions here are not like any of the cases we see in the briefs, such as Covington or the other cases where a court is attempting to redirect a rambling defendant or a defendant who is telling their complete life story and not focusing on mitigation. This is not that kind of a case. She was barely into her elocution when she was stopped. And after she was stopped and after that 52-second question and her attempts to answer it, the court immediately went into sentencing. And he sentenced the defendant, Ms. Nolff, to the maximum sentence allowable by law by denying her credit for probation. The district court erred in three ways here. First, it improperly disallowed an acceptance of responsibility credit. Secondly, it punished her much more severely than her more culpable co-defendant, who was much more involved. He orchestrated the fraud and reaped huge financial benefits from it. And then third, the court failed to recognize that given the facts of this case and Ms. Nolff's complete lack of involvement in any criminal behavior whatsoever, either before or after these events occurred, that she was worthy of probation, which was recommended by the probation department. Your Honor, the right of allocation is a significant and substantial fundamental right. In the Barnes case, this court stated that the right of allocution is a procedural protection designed to enable our justice, system of justice, to mete out punishment in the most equitable fashion possible. The court here denied Ms. Nolff that right. At no time during her allocution did she ever deny that she had committed the crime. She attempted to explain to the court how she came to accept her responsibility. She acknowledged that initially she had problems understanding... Yes. You're now into your rebuttal time. Okay, I'll just finish up briefly in a moment. It's important, Your Honors, to understand that when she gave her allocution, she was very clear that at the beginning she didn't see this as a crime, but rather it took her time to understand that what she did was criminal. And when she said certain things in her allocution, such as cutting corners and things of that nature, she said that's what she believed she was doing and not breaking the law. But she said that she came to understand that this was a violation of the law. She was attempting to explain the process of how she came to that. And in that allocution, she said, I did this to myself and I accept responsibility and I'm going to reserve what time I have left, Your Honors. Certainly, Counsel. Mr. Fullerton. Mr. Fullerton. Hello, Mr. Fullerton, are you there? Yes. Can you hear me, Your Honor? Yes. I'm sorry about that. May it please the Court, we are asking the Court to give effect to Ms. Nolf's waiver of her appellate rights and to dismiss the appeal. The defendant's waiver is a waiver of the defendant's right to of course, broad enough to cover all of the claims she's raising on appeal. She waived any right to appeal a sentence within the statutory maximum. She waived the right to appeal the manner in which the sentence was imposed. And all of her arguments on appeal go to the manner in which the sentence was imposed. That waiver was in exchange for valuable confessions on the part of the government. Namely, the agreement by the government to dismiss two felony counts of bank fraud at the time after a sentence was imposed on the misdemeanor information. The government followed through with its agreement to dismiss the counts of bank fraud. And now, Ms. Nolf is attempting to get the benefit of her agreement not to appeal, her agreement to waive her rights of appeal. But we think that this case should be dismissed and the waiver of appellate rights given effect. One reason for that is that she did not identify any claims on appeal that would even conceivably give grounds for avoiding her rights, her waiver of appellate rights. For example, she's not arguing that the waiver was involuntary or unknowing. She's not arguing that she received ineffective assistance of counsel with regard to it, or that her sentence was in excess of the statutory maximum, or imposed on impermissible grounds such as race or something like that. These are garden variety claims of error that happened in sentencing, and they don't amount to the kind of miscarriage of justice that might perhaps give her grounds for avoiding the waiver of appeal. Briefly on the grounds that she has identified, we don't think there's any merit to them either. It's certainly not a miscarriage of justice. I believe Ms. Nolf some four minutes of uninterrupted time at elocution and only interrupted after Ms. Nolf stated words to the effect of, that's all that I can, that's all that I have to say about that. The court then directed her attention to the question of acceptance of responsibility. I believe asked her two questions, maybe three, which Ms. Nolf answered. The court paused for, I believe what the court said was a sort of pregnant pause, nine or ten seconds long. Ms. Nolf and her counsel remained silent, and the court went on to rule. That's not the kind of interruption or denial of elocution that would constitute a miscarriage of the waiver of appellate rights. Acceptance of responsibility or the denial of acceptance of responsibility was absolutely called for here where the district court evidently felt that, and had grounds for believing that Ms. Nolf had minimized her conduct in this lengthy multimillion dollar fraud scheme and was not properly accepting. And of course, she received a sentence within the guideline range for her. The guideline range was 12 months. She received a sentence at the low end of that guideline range, 12 months. And that takes care of her disparity argument. So for all these reasons, we're asking that the court give effect to the waiver of appeal and dismiss this case. Unless there are any other questions, we rest in a brief. Thank you, Your Honor. Thank you, Mr. Fullerton. Anything further, Mr. Howard? Just briefly, Your Honor. Again, normally, if you take the government's position at its face and that if you sign a waiver, pretty much everything is waived completely, no matter what. And that's not what LIDO stands for. But let's just take that position. You could have a sentencing hearing, and you could have the district court say, well, I'm not going to allow an allocution, which is essentially what happened here. It wasn't a complete allocution. It wasn't nearly what you wanted to say. And that would be then okay. But that's not what the law says. The law says that this is an important, substantial, statutory right. And Ms. Nolf was denied that. And as far as what counsel raised regarding after the – prior to the court jumping into sentencing, there was a pause. And frankly, Ms. Nolf was intimidated. She was trying to give a statement, which defendants do all the time. They give an allocution statement. And instead of being allowed to do that and to complete it, she was repeatedly interrupted with this question, what did you do? And she tried to answer, and he asked again, and then a third time. And she was waiting to see whether or not that answer satisfied him or if she could continue. This is a woman who's never been in the criminal justice system. And she's been in – she was in front of this judge, I believe, just one time at a – at her detention hearing. And that particular experience did not go very well at all. And that's referenced in our briefs. So she certainly was denied that right. And I don't – if you take the government's position, it's boundless what could happen if there's a waiver and a district court you know, does – can do whatever they want. They don't even have to listen to. They don't have to consider anything. They can just sentence whatever they want. And I don't think that's what an appellate waiver should do. I think that there should be some boundaries. And a defendant should be given some right to make a statement to the court. So for those reasons, Your Honors, and unless anyone has any further questions, we'll rest on our brief. And we would ask respectfully that this court remand this matter for resentencing. Thank you very much, Mr. Howard. And we appreciate your willingness to accept the appointment and your assistance to the court as well as your client. Thank you. This case is taken under advisement.